IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3064-FL

ERIC CLARK,

    Plaintiff,

v.

ALVIN W. KELLER; GRADY
MASSEY; and DR. ERIC LAND,

    Defendants.

ORDER

    The matter comes before the court on the motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant Eurgia Land ("Land") (DE # 18), and the motion to dismiss pursuant to Rule 12(b)(6) filed by defendants Alvin Keller ("Keller") and Grady Massey ("Massey") (DE # 23). The issues raised in these motions are ripe for adjudication. For the following reasons, the court grants in part and denies in part Land's motion to dismiss, and grants the motion to dismiss filed by Massey and Keller.

## STATEMENT OF THE CASE

    On May 5, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants acted with both negligence and deliberate indifference to his lung condition in violation of the Eighth Amendment to the United States Constitution. As relief, plaintiff requests monetary damages and injunctive relief.

    On January 26, 2011, Land filed a motion to dismiss plaintiff's action, arguing that plaintiff failed to obtain service of the summons and complaint upon him in accordance with Federal Rule

of Civil Procedure 4. Alternatively, Land argues that plaintiff failed to state a claim for injunctive relief and that his negligence claim should be dismissed for failure to comply with North Carolina Rule of Civil Procedure 9(j). This motion was fully briefed.

On February 14, 2011, Keller and Massey filed a motion to dismiss plaintiff's complaint, arguing that plaintiff failed to state a claim upon which relief may be granted. Although he was notified of this motion, plaintiff did not respond.

## STATEMENT OF FACTS

Plaintiff makes the following allegations. Plaintiff has a large bulla in his right lung that, unless monitored, poses a risk for "spontaneous pneumothorax." Plaintiff states that he should be evaluated to determine whether surgical intervention is needed. Without surgical intervention, plaintiff risks a lung collapse, which could result in his death. Land is the only physician currently treating plaintiff for health-related issues, and he repeatedly denies his requests for outside medical treatment for his lung condition. Plaintiff also asserts that, through indirect participation, Massey and Keller are liable for the actions of the unit physicians.

## DISCUSSION

I.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts

2

all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

A.   The Motion to Dismiss Filed by Massey and Keller

Massey and Keller allege that plaintiff failed to state a claim for supervisor liability. Massey and Keller correctly argue that they may not be held liable based upon a theory of *respondeat superior*, because *respondeat superior* generally is inapplicable in § 1983 suits. Iqbal, 129 S.Ct. at 1948; Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). In Iqbal, the Court held that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." 129 S. Ct. at 1948. Mere knowledge is not sufficient to establish personal participation. Id.

Plaintiff alleges that Massey and Keller, both of whom are North Carolina Department of Correction ("DOC") supervisory officials, are indirectly responsible for Land's alleged deliberate indifference to his medical care. But plaintiff allegations ascribe no role for either Keller or Massey in the alleged injury. It appears that plaintiff's claim against these defendants is based solely upon a theory of vicarious liability. Because plaintiff may not proceed on a theory of vicarious liability in a § 1983 action, he has failed to state a claim upon which relief may be granted as to Massey and Keller. Accordingly, their motion to dismiss is GRANTED.

3

B. Motion to Dismiss Filed by Land

   1. Insufficient Service of Process

Land first asserts that he should be dismissed from this action pursuant to Rule 12(b)(5) because plaintiff failed to effectuate proper service of process. Proper service of process under Rule 4 (or waiver of service under Rule 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). If service of the summons and complaint is not made upon a defendant within one hundred twenty (120) days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. See Fed. R. Civ. P. 4(m).

A plaintiff may serve individual defendants "pursuant to the law of the state in which the district court is located." See Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). A plaintiff may deliver the documents to defendant's place of employment. See id.; Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004); Waller v. Butkovich, 584 F. Supp. 909, 926 (M.D.N.C. 1984). When a defendant challenges service by certified mail, a plaintiff must submit an affidavit stating that a copy of the summons and complaint was mailed and attach the return receipt indicating that service was received in accordance with N.C. Gen. Stat. § 1-75.10(4). See Moore, 341 F. Supp. 2d. at 573. If the attached return receipt was signed by a person other than the addressee, North Carolina presumes "that the person who received the mail . . . and signed the receipt was an agent of the addressee authorized by appointment or by

4

law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F. Supp. 2d. at 573; Fender v. Deaton, 130 N.C. App. 657, 662, 503 S.E.2d 707, 710 (1998). A party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996).

Land has not shown that service was improper. The United States Marshal filed a return of service on Land indicating service on him at his place of employment via certified mail, return receipt requested. The attached return receipt shows that the delivery was accepted and signed for by an individual who, under North Carolina law, is presumed to be Land's agent for service of process. Land has presented only his affidavit challenging the service, not the "affidavits of more than one person" as required to rebut the presumption of valid service. See Grimsley, 342 N.C. at 545, 467 S.E.2d at 94; see also Moore, 341 F. Supp. 2d at 573. Because Land has not overcome the presumption of valid service under North Carolina law, the court denies his motion to dismiss without prejudice to the extent that it is based on improper service.

2. Failure to State a Claim

Plaintiff requests in his complaint that he be "given access to and for the necessary access to outside care and treatment needed." (Compl. V.) Plaintiff has been released from the Federal Bureau of Prisons' ("BOP") custody. Transfer without the likelihood that an inmate will be returned to the facility where the alleged conduct occurred moots claims for injunctive or declaratory relief. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has not alleged a likelihood to return to BOP's custody. Therefore, plaintiff has failed to state a claim upon which relief may be granted for injunctive relief against defendants, and this claim is DISMISSED without prejudice.

5

Land also moves to dismiss plaintiff's state law negligence claim because plaintiff failed to state a claim upon which relief may be granted. North Carolina imposes substantive legal requirements that a person must follow to pursue a medical malpractice claim. See N.C. R. Civ. P. 9(j). Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. See N.C. R. Civ. P. 9(j)(1), (2); see, e.g., Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001); Acosta v. Byrum, 180 N.C. App. 562, 572, 638 S.E.2d 246, 253 (2006). Alternatively, the complaint must allege facts establishing negligence under the common-law doctrine of *res ipsa loquitur*. See N.C. R. Civ. P. 9j(3). Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier, 308 F. Supp. 2d at 676–77; Moore, 139 F. Supp. 2d at 713.

Plaintiff's complaint fails to allege that he obtained certification from an expert willing to testify that his treating medical personnel did not comply with the applicable standard of care. Further, the doctrine of *res ipsa loquitur* "is allowed only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); Schaffner v. Cumberland County Hosp. Sys., Inc., 77 N.C. App. 689, 691–93, 336 S.E.2d 116, 118–119 (1985) (patient's hand burned during ear surgery); Hyder v. Weilbaecher, 54 N.C. App. 287, 292, 283

S.E.2d 426, 429 (1981) (stainless steel wire left in patient). In light of the allegations presented, the doctrine of *res ipsa loquitur* does not apply to plaintiff's claim. Thus, plaintiff fails to meet the requirements of Rule 9(j), and his negligence claim is DISMISSED without prejudice.

## CONCLUSION

Based upon the foregoing, the motion to dismiss filed by Keller and Massey (DE # 23) is GRANTED. The motion to dismiss (DE # 18) filed by Land is GRANTED IN PART and DENIED IN PART. Land's motion is granted as to plaintiff's negligence claim and request for injunctive relief, but the remainder of the motion is denied. Land did not address plaintiff's Eighth Amendment claim for deliberate indifference. Accordingly, this claim remains pending. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge