IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3064-FL

| | |
|---|---|
| ERIC CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ALVIN W. KELLER; GRADY ) | |
| MASSEY; AND DR. EURGIA LAND,[1] ) | |
| ) | |
| ) | |
| Defendants. | |

The matter comes before the court on the second motion to dismiss (DE # 31) pursuant to Federal Rule of Civil Procedure 12(b)(6) of defendant Eurgia Land ("Land"), to which plaintiff responded. In this posture, the matter is ripe for adjudication. For the following reasons, the court denies Land's motion.

## STATEMENT OF THE CASE

On May 5, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleged that Land as well as defendants Alvin W. Keller ("Keller") and Grady Massey ("Massey") acted with both negligence and deliberate indifference to his lung condition in violation of the Eighth Amendment to the United States Constitution. As relief, plaintiff requested both monetary damages and injunctive relief.

---

[1] Plaintiff referred to this defendant as Dr. Eric Land. This defendant, however, notified the court that his name is Dr. Eurgia C. Land. The court hereinafter will refer to this defendant by that name.

On January 26, 2011, Land filed a motion to dismiss plaintiff's action, arguing that plaintiff failed to obtain service of the summons and complaint upon him in accordance with Federal Rule of Civil Procedure 4. Alternatively, Land argued that plaintiff failed to state a claim for injunctive relief and that his negligence claim should be dismissed for failure to comply with North Carolina Rule of Civil Procedure 9(j). On February 14, 2011, Keller and Massey filed a motion to dismiss plaintiff's complaint, arguing that plaintiff failed to state a claim upon which relief may be granted. On August 18, 2011, the court entered an order granting in part and denying in part Land's motion to dismiss. Land's motion was granted as to plaintiff's negligence claim and request for injunctive relief, but denied as to the remainder of his motion. The court also granted the motion to dismiss filed by Keller and Massey.

On September 1, 2011, the court issued its initial order regarding planning and scheduling. In response, Land objected to the court's order, and requested a stay of discovery until after the court adjudicated his qualified immunity defense. The court, in response, issued an order noting that Land had not filed any motion presenting substantive argument as to why the case should be dismissed pursuant to the defense of qualified immunity. Accordingly, the court held Land's objection in abeyance for thirty (30) days to allow him the opportunity to raise the defense of qualified immunity through the appropriate motion.

On December 19, 2011, Land filed a second motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted. Alternatively, Land raises the defense of qualified immunity. Plaintiff responded to Land's motion.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations:

> I have a large bulla in my right lung that poses a risk for spontaneous pneumothorax. Without a continual observation of my right lung, to see, and determine if and when a surgical intervention will save my life before emphysema set in the bulla and could cause my lung to collapse and could cause loss of life upon my person. [Land] is the only Dr. currently treating me for minor health problems, and each time I request access to outside care and treatment for this lung condition I am denied by [Land.] . . . All of the named defendants have put my life at risk, through their denial of adequate medical care and treatment through access to First Health of N.C. Chest Center and the care of a professional, Dr. John F. Krahnert to determine when I may need surgery.

Compl. pp. 3-4.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."

3

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

B.  Analysis

Land raises the affirmative defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two--pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two--prong test to analyze first. Pearson, 555 U.S. at 242.

4

The court first determines whether Land acted with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Land asserts that plaintiff's allegations do not satisfy the second prong of the Eighth Amendment test–whether defendants acted with deliberate indifference to plaintiff's serious medical needs.[2] "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a person official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). An inmate is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a

---

[2] The court assumes, without deciding, that plaintiff is able to satisfy the objective prong of the Eighth Amendment test.

5

Case 5:10-ct-03064-FL   Document 35   Filed 07/03/12   Page 5 of 7

constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Construing plaintiff's allegations liberally, he alleges that Land interfered with his lung treatment at the Chest Center of the Carolinas. See Spencer v. Early, 278 F. App'x 254, *4 (4th Cir. May 16, 2008) ("[T]he Supreme Court has repeatedly held that in the context of a motion to dismiss, a district court must construe a pro se complaint liberally.") (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). In support, plaintiff attached a letter to his complaint, dated June 1, 2009, from Dr. John F. Krahnert stating that he missed his "follow-up chest CAT scan and appointment at the Chest Center." Compl. Attach. The letter further cautioned plaintiff that his "previous scans revealed bullous disease with a very large bulla in [his] right lung" and that this condition "poses a risk for spontaneous pneumothorax." Id. Because plaintiff alleges that Land both interfered with and delayed medical treatment for his lung condition, the court finds that plaintiff's allegations against Land state a claim for deliberate indifference. See Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009) (finding that delay of medical treatment or interference with medical treatment may be sufficient to constitute a violation of the Eighth Amendment). Because plaintiff is able to satisfy the objective and subjective prongs of the Eighth Amendment test for this claim against Land, plaintiff has alleged a constitutional violation, and Land is not entitled to qualified immunity at this time.

6

## CONCLUSION

Based upon the foregoing, Land's second motion to dismiss (DE # 31) is DENIED. Because the court denied Land's motion to dismiss, the court enters the following scheduling order:

1. All discovery shall be commenced or served in time to be completed by October 15, 2012.
2. All motions shall be filed in compliance with Local Civil Rule 7.1.[3]
3. All motions, including dispositive ones, shall be filed by November 15, 2012.

This case management order shall not be modified except by leave of court upon a showing of good cause. Should the case remain pending after the conclusion of discovery and resolution of any dispositive motion(s), the court will then issue a separate order setting the trial date and any pre-trial procedures, or such other and further orders as the court deems appropriate.

SO ORDERED, this the 3rd day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[3] Local Civil Rule 7.1, provides in pertinent part the following: (1) "[a]ll motions shall be concise and shall state precisely the relief requested"; (2) "all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum"; (3) "[a]ny party may file a written response to any motion"; (4) for non-discovery motions, "[r]esponses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question" unless the court directs otherwise; (5) for discovery motions, "responses and accompanying documents relating to discovery motions shall be filed within fourteen (14) days after service of the motion in question unless otherwise ordered by the court"; and (6) "[r]eplies to responses are discouraged. However . . . a party desiring to reply to matters initially raised in a response . . . shall file the reply within fourteen (14) days after service of the response, unless otherwise ordered by the court."

7